IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| LEROY EASON, #24046-044, | )<br>) |
| Petitioner, | ) Civil Action No. 3:09-2611-JFA -JRM<br>) |
| v. | )<br>) **REPORT AND RECOMMENDATION** |
| JOHN OWEN, WARDEN, | )<br>)<br>) |
| Respondent. | )<br>) |

Petitioner, Leroy Eason ("Eason"), is an inmate at FCI-Williamsburg serving a sentence of 211 months imprisonment for conspiracy to possess cocaine with intent to distribute. He filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 9, 2009. Pretrial matters were automatically referred to the undersigned pursuant to Local Rule 73.02(b)(2)(c) and (e), (D.S.C.). Respondent filed a motion for summary judgment on January 26, 2010. Because Eason is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on January 27, 2010, advising him of his responsibility to respond to the Respondent's motion. After an extension of time, Eason filed a response on April 2, 2010, with Respondent filing a reply on April 12, 2010.

1

## Background and Procedural History

The record before the Court reveals the following:

1. On February 27, 2003, Eason was sentenced to a term of imprisonment of 211 months in the Eastern District of Missouri after he pled guilty to a drug conspiracy charge. (Res.Mem., Ex. A).

2. In February of 2008, Eason was an inmate at FPC-Duluth, Minnesota. (Res.Mem., Ex. D).

3. On February 24, 2008, correctional officers conducted a search at the institutional barber shop. Eason was in the barber shop and his coat was hanging on the wall. A cell phone was found in the coat. Eason was charged with a violation of "Prohibited Act Code 108", "possession, manufacture, or introduction of a hazardous tool." *Id.*

4. The investigation was referred to the Unit Discipline Committee ("UDC") for a hearing. A hearing was held on February 26, 2008. Eason maintained that he had hung his coat in the barber shop, gone to the law library, and returned to the barber shop. (*Id.*)

5. The UDC referred the matter to a Disciplinary Hearing Officer ("DHO"). Eason was given notice of the hearing before the DHO and indicated that he did not wish to be represented by a staff member, and he did not wish to call any witnesses. (Res.Mem., Ex. E).

6. At the hearing Eason did not deny the charge. (Res.Mem., Ex. F).

7. The DHO found that "(t)he act was admitted as charged."

8. The DHO imposed sanctions including the loss of vested and non-vested Good Credit

Time ("GCT"). *(Id.)*

9. Respondent concedes that Eason completed the administrative appeals process. During this process Eason argued that the cell phone had been "planted" on him and that it was improper to charge him under Prohibited Act Code 108 because a cell phone was not a hazardous tool. He argued that he should have been charged under a different part of the code which would have carried less severe sanctions. His appeals were denied. (Res.Mem., Ex. C).

## **Discussion**

In his present petition Eason appears to argue that (1) the BOP's Prohibited Act Code is arbitrary and capricious because the penalty for possessing a hazardous tool is more severe than for escaping; (2) he was subjected to cruel and unusual punishment because the sanctions imposed were disproportionate to the offense; and (3) he was denied equal protection because the other inmates in the barber shop were not charged with possession of the cell phone. Respondent did not directly address the issues as restated above in his motion for summary judgment. In his Roseboro response, Eason rephrases his claim as follows:

> resolution of this petition boils down to one straight forward question whether the B.O.P. - - in its haste to find an existing general regulation on its books to cram possession of a cell phone under after the fatal attempts to get congress to enact a statute or regulation that speaks directly to cell phone possessions in prison - - triggers equal protection and cruel and usual punishment concerns by its punishment of a lessor - - included offense with punishment above and beyond the autual(sic) offense.

BOP is charged with the management and regulation of all federal correctional institutions. 18 U.S.C. § 4042. As part of its management mandate, BOP must "provide for the protection, instruction, and discipline of all persons...convicted of offenses against the United States." 18 U.S.C.

3

§ 4042(a)(3) (emphasis added). In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court held that inmates are entitled to limited due process rights in prison disciplinary proceedings to the extent that a protected liberty interest is affected. Inmates have a protected liberty interest in the accumulation of GCT.

To comply with Wolff, BOP has promulgated regulations which establish a formal procedure to address inmate discipline. *See* 28 C.F.R. § 541, *et. seq.*[1] The regulations include a "Prohibited acts and disciplinary severity scale" which is set forth in Table 3. 28 C.F.R. § 541.13. There are four categories of "Prohibited acts" based on severity and recommended sanctions for each category: "Greatest Severity Prohibited Acts" (Code Nos. 100-199); "High Severity Prohibited Acts" (Code Nos. 200-299); "Moderate Severity Prohibited Acts" (Code Nos. 300-399); and "Low Moderate Severity Prohibited Acts" (Code Nos. 400-499). Eason was charged with a Greatest Severity Prohibited Act, Code 108, "Possession, manufacture, or introduction of a hazardous tool (Tools most likely to be used in an escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety, e.g., hack-saw blade)."

Even though Code 108 does not specifically include cell phones in the examples of hazardous tools, BOP appears to have consistently viewed them as such because they "permit an inmate to circumvent the telephone monitoring system, and may be used as a tool which coordinates or facilitates escape and the introduction of illicit materials or drugs." Robinson v. Warden, 250 Fed.App. 462, 463, 2007 WL 2949132, *1 (D.N.J.) (quoting BOP National Inmate Appeals Administrator Harrell Watts). The Robinson decision upheld the BOP's definition of a cell phone

---

[1] The regulations provide a charging, hearing, and appeal system with appropriate notification to the inmate at each step. Eason does not appear to allege that BOP did not comply with these regulations.

4

as a hazardous tool under Code 108. Other courts are in accord. *See* Irvin v. Federal Bureau of Prisons, 2009 WL 1811245 (D.S.C.); Ausberry v. Grondolsky, 2008 WL 4225174 (D.N.J.); Marin v. Bauknecht, 2007 WL 3377152 (D.S.C.); Rivera-Lind v. Pettiford, 2006 WL 2919069 (D.S.C.) And Carey v. Williams, 2006 WL 2620351 (S.D.W.Va.).

Given this precedent, Eason attacks BOP's determination that a cell phone is a hazardous tool from a different direction. He argues that two High Severity Prohibited Acts, which carry recommended sanctions less severe than Greatest Category Prohibited Acts are actually "lesser included offenses" of Code 108. He cites "Escape from unescorted Community Programs and activities and Open Institutions (minimum) and from outside secure institutions - without violence" (Code 200) and "Use of the telephone for abuses other than criminal activity..." (Code 297). Eason cites several cases which involve the Assimilated Crimes Act, 18 U.S.C. § 13 to argue that the BOP improperly engaged in "Code shopping" (Roseboro Response, p. 4) in defining a cell phone as a hazardous tool. He appears to claim that possession of a cell phone is more properly punished under a code other than Code 108.

Eason's arguments fail for several reasons. First, the regulations do not provide for "lesser included offenses." The DHO has the discretion to find, based on the evidence, that the inmate "(c)ommitted the prohibited act charged and/or a similar prohibited act if reflected in the Incident Report." 28 C.F.R. § 541.17(f)(1). Eason was given notice that he was charged under Code 108, and found to have committed the prohibited act. Second the Assimilated Crimes Act has no relevance to BOP regulations for discipline.

In so far as Eason asserts that BOP violated his right to equal protection of the law by charging him under Code 108, that claim must fail. The equal protection clause provides that no

person shall be denied equal protection under the laws. To be successful, a petitioner must show that he has been treated differently from others who are similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. *See* Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001) and United States v. Roberts, 915 F.2d 889 (4th Cir. 1990), *cert. denied,* 498 U.S. 1122 (1991). Eason has made no such allegation or showing. He appears to allege a violation of equal protection not based on any suspect classification, but because other inmates in the barber shop were not charged. Eason ignores the fact that the cell phone was found in his coat.

Eason also asserts that the sanctions imposed against him violated the Eighth Amendment prohibition of cruel and unusual punishment because the sanctions were disproportionate to the violation. He argues that possession of a cell phone, which might aid the prisoner in an attempt to escape, carries a more severe penalty than an actual escape from a minimum security facility such as the one at which he was incarcerated at the time. Compare recommended sanctions for Greatest Severity Prohibited Acts to High Severity Prohibited Acts, 28 C.F.R. § 541.13, Table 3.

This argument fails for at least two reasons. First, a cell phone is defined as a hazardous tool not only for its potential to aid in an escape, but also because it may be "hazardous to institutional security." *See* 28 C.F.R. 13, Table 3, Code 108. Use of a telephone in a prison is a privilege. Possession of a cell phone can undermine institutional security because the inmate can avoid the telephone monitoring requirement facilitating the introduction of contraband, such as drugs, into the institution.

Second, even in the criminal context, the Eighth Amendment does not require a proportionality review except in capital cases and cases in which the penalty is life imprisonment without parole. *See* United States v. Malloy, 568 F.3d 166, 180 (4th Cir. 2009) *cert. denied*,

___S.Ct.__, 2010 WL 757703, citing <u>Harmelin v. Michigan</u>, 501 U.S. 957 (1991).

In summary, Eason was charged with committing a Greatest Severity Prohibited Act violation. He was afforded due process pursuant to BOP regulations. He was found to have committed the act, and he was sanctioned with the guidelines proposed by the regulations.

**<u>Conclusion</u>**

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**.

_____
Joseph R. McCrorey
United States Magistrate Judge

April 29, 2010
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).