IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Leroy Eason,     #24046-044, | ) | C/A No.  3:09-2611-JFA-JRM |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| John Owen, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Leroy Eason, initiated this action pursuant to 28 U.S.C. § 2241. He challenges the outcome of a disciplinary hearing that deprived him of good time credit. Specifically, the petitioner was charged with being in possession of a cellular phone and violating a Bureau of Prison Code. Petitioner argues that such Code is arbitrary and capricious, and that as a result of the disciplinary infraction, he was subjected to cruel and unusual punishment and denied equal protection. At the time this action was filed, petitioner was incarcerated at the Federal Correctional Institution in Williamsburg, South Carolina.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the petitioner's due process rights were not violated and he was accorded the full requirements of due process in his disciplinary hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge also recommends that respondent's motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation. He filed timely objections to the Report after being granted an extension of time within which to do so.

As set forth in the Report and Recommendation, the petitioner was found in possession of a cell phone. A disciplinary hearing was held in accordance with BOP regulations during which time the petitioner did not deny that he was in possession of the cell phone and he was found guilty. The disciplinary officer imposed sanctions including the loss of vested and non-vested Good Time Credit. The petitioner completed the administrative appeals process during which time the petitioner argued that the cell phone had been "planted" on him. The petitioner was ultimately charged with violation of Code 108 with a Greatest Severity Prohibited Act, "Possession, manufacture, or introduction of a hazardous tool." Petitioner contends that Code 108 was the incorrect code to charge him under because a cell phone is not actually a hazardous tool. He further argues that he should have been charged with a "lesser included offense;" that he was not provided equal protection under the

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motions for summary judgment. Petitioner responded to the motion.

law; and that such sanctions represent cruel and unusual punishment in violation of the Eighth Amendment.

As the Magistrate Judge correctly notes, the BOP is charged with the management and regulation of all federal correctional institutions. 18 U.S.C. § 4042. Additionally, the BOP has in place regulations which provide a formal procedure to address inmate discipline. The disciplinary hearing officer has the discretion to find, based on the evidence, that the inmate "[c]ommitted the prohibited act charged and/or a similar prohibited act if reflected in the Incident Report." 28 C.F.R. § 541.17(f)(1). A cell phone is defined as a hazardous tool not only for its potential to aid in an escape, but also because it may be "hazardous to institutional security." *See* 28 C.F.R. 13, Table 3, Code 108. Possession of a cell phone can undermine institutional security because the inmate can avoid the telephone monitoring requirement facilitating the introduction of contraband, such as drugs, into the institution.

The Magistrate Judge further suggests, and this court agrees, that there was no Eighth Amendment violation and the petitioner was afforded due process pursuant to BOP regulations.

The petitioner's objections are merely cumulative of those claims he alleged in his initial petition and as such are overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and the Report is incorporated herein by reference.

Accordingly, the respondent's motion for summary judgment is granted and this action is dismissed with prejudice.

IT IS SO ORDERED.

August 10, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge